Sabiston et ux., Appellants, *v.* Sabiston.

Argued February 5, 1930. Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Walter L. Hill,* of *Knapp, O'Malley, Hill & Harris,* for appellants.

*Clarence Balentine,* with him *Cornelius Comegys,* for appellee.

PER CURIAM, March 17, 1930:

The pleadings in this case consist of a statement of claim and an affidavit of defense raising questions of law; on these pleadings, the court below entered judgment for defendant, and plaintiffs have appealed.

Plaintiffs averred that defendant had agreed to "provide a home for them and keep them in ease and comfort for the rest of their lives"; that he would acquire a place "in keeping with his wealth and station," to be their home, "and convey it to them"; that "he would provide them with adequate household money......and additional money from time to time as needed for incidental expenses;......and would provide plaintiffs with the use of an automobile and chauffeur"; and that, in return, plaintiffs were to "superintend the household." Plaintiffs further averred that one of them had surrendered a salaried position on faith in these promises of

defendant, but that the latter "was not living up to his promises," and had "failed and refused......so .to do." Plaintiffs asked $75,000 damages.

The affidavit of defense alleged that "The statement of claim consists of a series of inferences and conclusions," too "vague, indefinite, and uncertain" to show "the essentials of a contract"; that, so far as plaintiffs' claim of the right to a conveyance of real estate was concerned, "the alleged contract [was] parol [and] in contravention to......the statute of frauds." In short, the defendant in effect demurred that the case as pleaded could not properly be submitted to a jury.

The court below, in its opinion entering judgment for defendant, well states that, were the case, as pleaded, before it at jury trial, there would be "no standard by which either court or jury could assess the damages for nonperformance" of the alleged contract. In this conclusion we agree. As stated in Sherman v. Kitsmiller, 17 S. & R. 45, 47, 49, this is "not an action of indebitatus assumpsit, but an action on [a] special contract," and as there said, "In assumpsit for nonpayment of money ......[the] express promises or contracts ought to be certain and explicit, to a common intent at least;...... [here there is no allegation] of anything by which the value [of the compensation to be received by plaintiffs] could be regulated." See also Machen v. Budd Wheel Co., 294 Pa. 69.

The judgment is affirmed.